UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| PHILLIP J. LYONS, | ) | 2:12-cv-01825-JCM-GWF |
| Plaintiffs, | ) ) ) | **SCREENING ORDER** |
| vs. | ) ) | |
| BRIAN WILLIAMS, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, moves the court to reconsider its screening order (ECF No. 5) in which various claims and defendants were dismissed, some with prejudice. He complains that the court misconstrued his various claims or its order was mistaken in its handling of the claims during the initial screening required by 28 U.S.C. § 1915A. Plaintiff relies on Fed.R.Civ.P. 60(b)(1).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion). Plaintiff believes the Court was mistaken in its review of his claims.

1  Only where the court has applied the incorrect legal standard, or its application of a correct legal standard to the facts is illogical, implausible or without support in inferences that could be drawn from the record, should the court reconsider its decision. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir.2009) (en banc). The plaintiff must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1130-31 (E.D. Cal. 2001).

Plaintiff argues the court erroneously determined ground one of his complaint to be founded on an Eighth Amendment medical care claim, when, in fact, his claims was that he was denied sufficient food when defendants failed to provide him with a proper low-sodium diet, which was cruel and unusual punishment, citing *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982). This argument is belied by the actual wording of plaintiff's count one which states:

> Plaintiff was denied and deprived of his rights to be free from cruel and unusual punishment under the Eighth Amendment ... and his right to due process under the Fourteenth Amendment...when [defendants] they intentionally interfered with plaintiff's *medical treatment* by failing to cease the practice of providing him meals containing various foods contrary to those conducive to his medically prescribed low sodium diet.

Complaint, p. 35 (emphasis added).

The Eighth Amendment claim was dismissed with leave to amend. Plaintiff's should proceed with the amendment and more clearly identify the nature of his claim paying particular mind to the rules and instructions established by the federal court governing his complaint. As pled, it fails to properly provide a "short and plain statement showing that the pleader is entitled to relief" as required by the rules of procedure. *See* Fed.R.Civ.P. 8(a). The court and the defendants are not required to weed through some sixty pages of narration in order to glean the nature of the claims presented.

The Fourteenth Amendment claim remains dismissed with prejudice as his due process rights he has no post-conviction due process rights to any particular type or form of medical treatment or diet, *Bell v. Wolfish,* 441 U.S. 520, 535 n.16, 99 S.Ct. 1861, 1872 n. 16 (1979) ( "Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be "cruel and unusual" under the Eighth Amendment."), and the court's

"liberal constru[ction]" of his claim led to the only inference that was available. If that was not plaintiff's intended claim, he loses nothing by the court's dismissal of it.

Plaintiff next complains of the court's dismissal with leave to amend of count three. Because plaintiff has an opportunity to amend that claim, he has an opportunity to show how he was actually burdened by the prison regulation of which he complains. If he believes the court misconstrued his claim, he must set forth a "short and plain statement" of the claim.

The balance of plaintiff's motion is a simple argument of the merits of his claims. The arguments do not persuade this court that reconsideration is warranted. Despite plaintiff's disagreement on the point, the court applied the correct legal standards to the claims presented and plaintiff has not shown that the application was "illogical, implausible or without support in inferences that could be drawn from the record." *Hinkson*, 585 F.3d 1247, 1262.

The motion for reconsideration (ECF No. 5) is **DENIED.** Plaintiff shall have twenty (20) days from entry of this order to submit his amended complaint or this action will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: June 13, 2013.

_____
UNITED STATES DISTRICT JUDGE

3