# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Phillip Lyons,

    Plaintiff

v.

Brian Williams et al.,

    Defendants

Case No.: 2:12-cv-1825-JAD-GWF

**Order Denying Motion for Rule 54(b) Certification**

In this prisoner civil-rights case, plaintiff Phillip Lyons claims that Nevada state prison officials denied him a proper medical diet, interfered with his religious practices, retaliated against him, and failed to train or supervise their employees. Lyons's initial complaint was dismissed on initial screening, but several claims in his amended complaint have been permitted to proceed.[1] Lyons now moves the court under Federal Rule of Civil Procedure 54(b) to certify as final all of the claims dismissed during the screening process.[2] Because Lyons has not demonstrated that this is one of the unusual cases in which piecemeal interlocutory appeals are warranted, I deny the motion.

## Discussion

Under 28 U.S.C. § 1291, a party generally must raise all claims of error in one appeal, after a district court has entered final judgment.[3] A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[4] When a decision or order "adjudicates

---

[1] *See* Docs. 3–4, 7.

[2] Doc. 9. I find this motion appropriate for resolution without oral argument. LR 78-2. I also liberally construe all pro se motions and pleadings. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

[3] *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430 (1985) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

[4] *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22 (1988)) (internal quotation marks omitted).

1

fewer than all the claims or the rights and liabilities of fewer than all the parties, [it] does not end the action as to any of the claims or parties" and does not constitute a final judgment.[5]

Federal Rule of Civil Procedure 54(b) authorizes district courts to enter final judgment on fewer than all claims or parties, and thus allow appeal on part of an action while other portions are still pending, by making "an ultimate disposition of an individual claim."[6] When determining whether a partial appeal of a case should be expedited, district courts are charged with examining the judicial administrative interests and the equities involved.[7] Judicial administrative interests must be considered to "preserve[] the historic federal policy against piecemeal appeals."[8] And the Ninth Circuit has recognized that Rule 54(b) "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."[9]

Lyons has not demonstrated that this is one of those "unusual" cases. Civil-rights claims for mistreatment in prison are among the most common cases that this court must decide. Lyons argues that there is no reason to delay "a final order" on his dismissed claims— particularly those on which this court has denied reconsideration—because the court has made it clear these claims will not be revived.[10] But the same can be said of any dismissed claim on which reconsideration is denied, and

---

[5] Fed. R. Civ. P. 54(b).

[6] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)) (internal quotation marks omitted).

[7] *Id.* (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 425, 435, 437–38 (1956)).

[8] *Id.* (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 425, 438 (1956)) (internal quotation marks omitted). As examples, the Supreme Court has found it proper for the district court to examine "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (footnote omitted).

[9] *Morrison–Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

[10] Doc. 9 at 6.

Rule 54(b) requires more than the denial of reconsideration to make that dismissal final.[11] And Lyons has not identified any pressing issues or equitable concerns that require an early and separate adjudication of the claims that failed to survive the screening process. Instead of efficiently utilizing judicial resources, a Rule 54(b) certification in this case would create the very piecemeal litigation that the Supreme Court has cautioned district courts to avoid. I therefore deny the request for a Rule 54(b) motion. Plaintiff may challenge the dismissal of his claims after a final judgment is entered.

**Conclusion**

Accordingly, it is hereby ORDERED that plaintiff Phillip Lyons's motion for Rule 54(b) judgment **[Doc. 9] is DENIED**.

DATED January 13, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[11] *See* Fed. R. Civ. P. 54(b).

3